**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**THI PHUOC LUONG**,

    Petitioner,

    v.                                                                      Case No. 2:26-cv-02448-BCL-atc

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

**ORDER GRANTING MOTION TO ALTER JUDGMENT
TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Thi Phuoc Luong filed a Petition for Writ of Habeas Corpus in which she asked this Court to either grant her a bond hearing or release her, which this Court denied on April 24, 2026. Docs. 1, 7. Petitioner then filed an Emergency Motion to Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(E) on May 12, 2026. Doc. 12. In this new motion, Petitioner again asked this Court to order her released from custody based on the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026). Doc. 11. Respondent advised that they may seek further appellate review of that decision, but at this time, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 14. Petitioner replied to that Response arguing that she should be released without conditions. Doc. 15.

1

In light of the Sixth Circuit decision in *Lopez-Campos*, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release her from custody. The Court grants this relief for three reasons. First, Petitioner initially sought "an individualized bond determination" hearing as an alternative remedy and Respondent agrees this is the proper relief if *Lopez-Campos* applies. Doc. 1 at 4; Doc. 14 at 2. While Plaintiff now seeks to disavow that alternative request for relief, she offers no persuasive reason for doing so. Second, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 2026 WL 1283891, at *1; *see id.* at *13 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing her to obtain through the remedy of habeas something more than that to which she is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make her case for release at a bond hearing. And, *third*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 811 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). While Petitioner asks the Court without

citation to superintend the resulting bond hearing on an ongoing basis, that request is inconsistent with the habeas remedy and the respect owed a coordinate branch under the separation of powers.

## **CONCLUSION**

Plaintiff's Motion to Alter Judgment is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 21st day of May, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE